**ELIAZAR AVILA MONROY, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                          **NO. 17-9256**

**ALEXANDER HENDRIX, ET AL.**                       **SECTION "B"(5)**

<u>ORDER AND REASONS</u>

Plaintiffs' motion to strike Defendant Alexander Hendrix's Answer (Rec. Doc. 15) is before the Court. Rec. Doc. 19. No opposition has been filed. For the reasons discussed below,

**IT IS ORDERED** that the motion to strike (Rec. Doc. 19) is **DENIED WITHOUT PREJUDICE.**

<u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**</u>

On March 31, 2017, plaintiff Eliazar Avila Monroy (Avila) was riding in a truck being driven by Defendant Alexander Hendrix when the truck was involved in a head-on collision. *See* Rec. Doc. 1 ¶¶ 5-6. The Public Safety Officer who responded to the scene found that Hendrix was at fault and issued him a citation for careless operation of a vehicle. *See id.* ¶ 7. Avila was transported to University Medical Center by helicopter to be treated for various injuries, including hip and leg injuries that required surgery. *See id.* ¶ 9.

On September 18, 2017, Avila and his wife, Daniela Espinoza, filed suit against Hendrix, as well as ACH Concrete and ACH Lawn (two entities owned by Hendrix that employed Avila at the time of

the accident). *See id.* ¶¶ 8, 11-13. Plaintiffs also sued various insurance companies. *See id.* ¶ 14. Plaintiffs allege that Hendrix's negligence while driving caused Avila's injuries, *see id.* ¶ 8, that Hendrix's companies are liable under theories of respondeat superior and negligent supervision, *see id.* ¶¶ 12-13, and that Espinoza is entitled to damages for loss of consortium, *see id.* ¶ 10.

Defendant Hendrix was served on October 3, 2017, and his answer was due on October 24, 2017. *See* Rec. Doc. 10. Defendants ACH Lawn and ACH Concrete were served on October 4, 2017, and their answers were due on October 25, 2017. *See* Rec. Docs. 8-9. There is no evidence that the insurance companies were ever served. By January 2018 no defendant had filed responsive pleadings and no plaintiff had moved for entry of default. Therefore, the Court issued an order to show cause why the case should not be dismissed for failure to prosecute. *See* Rec. Doc. 12. The next day, on January 11, 2018, Plaintiffs filed a motion for entry of default against all Defendants who had been served. *See* Rec. Doc. 13. The Clerk of Court entered default as to Hendrix, ACH Lawn, and ACH Concrete on January 12, 2018. *See* Rec. Doc. 14.

On February 5, 2018, Hendrix filed an answer. *See* Rec. Doc. 15. The Clerk of Court then noticed a scheduling conference for March 8, 2018. *See* Rec. Doc. 18. On February 23, 2018, Plaintiffs filed the instant motion to strike Hendrix's answer as untimely.

2

*See* Rec. Doc. 19. Any opposition was due no later than March 6, 2018, but none has been filed. However, on March 8, 2018, counsel for Plaintiffs and Hendrix participated in the scheduling conference and set a date for trial in January 2019. *See* Rec. Doc. 20.

## LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 12(f), a party may move to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Granting a motion to strike "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962). As a result, a "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id*. Plaintiffs have not met their heavy burden at this time because the parties recently participated in a scheduling conference to set dates for trial, which indicates that Hendrix's answer is in fact highly "relat[ed] to the controversy." Striking Hendrix's answer from the record for the mere fact that it was untimely will only serve to further delay the instant proceedings.

As Plaintiffs point out in their motion, Hendrix's answer does not change the fact that the Clerk of Court previously entered default as to Hendrix. *See Directv, Inc. v. Young*, 195 F. App'x 212, 215 (5th Cir. 2006); *Cotter v. Gwyn*, No. 15-4823, 2016 WL

4479510, at *15 (E.D. La. Aug. 25, 2016). But Plaintiffs have not yet moved for an entry of default judgment, even though default was entered two months ago. Instead, Plaintiffs scheduled a trial date. These facts set the instant motion apart from the situation presented in *Directv*, where the plaintiff sought to strike the defendant's untimely answer after first moving for default judgment. *See* 195 F. App'x at 215. Moreover, in *Directv*, the court granted the motion to strike at the same time that it entered default judgment against Defendant. *See id.* Because Plaintiffs have not yet moved for entry of a default judgment against Hendrix, the instant motion to strike is distinguishable from the motion discussed in *Directv*.

That being said, Hendrix's repeated failures to adhere to the deadlines imposed by the Federal Rules of Civil Procedure, Local Rules, and Court Orders is concerning. The parties are reminded that failure to comply with such deadlines are grounds for sanctions. *See* Fed. R. Civ. P. 1, 16(f), 41(b).


New Orleans, La. this 26th day of March 2018


_____
Senior U. S. District Judge