UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIAZAR AVILA MONROY<br>DANIELA ESPINOZA | CIVIL ACTION |
| VERSUS | NO. 17-9256 |
| ALEXANDER C. HENDRIX,<br>ACH LAWN AND<br>LANDSCAPING LLC, and<br>ACH CONCRETE AND<br>LAWN SERVICES, LLC | SECTION: M (5) |

**ORDER & REASONS**

Before the Court are Plaintiffs' motion to strike the answer filed by defendant Alexander C. Hendrix ("Hendrix"),[1] and Plaintiffs' motion for a default judgment.[2] None of the defendants has responded to either of Plaintiffs' motions, and opposition memoranda as to both motions were due on December 26, 2018. Having considered Plaintiffs' motions and the facts and procedural history of this case, the Court issues this Order & Reasons.

**I.    BACKGROUND**

Plaintiffs Eliazar Avila Monroy ("Avila") and Daniela Espinoza ("Espinoza"), Avila's wife (collectively "Plaintiffs"), filed this action against defendants Hendrix and his two companies, ACH Lawn and Landscaping, LLC ("ACH Lawn") and ACH Concrete and Lawn Services, LLC ("ACH Concrete") (collectively "Defendants"), seeking damages for injuries sustained by Avila in an automobile accident. Plaintiffs allege that in 2017, Avila, who is a citizen of Mexico, was working for Hendrix and his two companies in Louisiana on a United States H2B Visa.[3] On March 31, 2017, Avila was a passenger in a vehicle driven by Hendrix

---

[1] R. Doc. 30.
[2] R. Doc. 31.
[3] R. Doc. 1 at 3.

that was involved in an accident in Slidell, Louisiana.[4] Plaintiffs allege that the accident occurred as follows:

> As Mr. Hendrix approached Oriole Street, he noticed the vehicles in front of him slowing down and stopping due to traffic congestion. Mr. Hendrix, however, began to slow his vehicle too late and, fearing that he would collide into the rear of the vehicle in front of him, he suddenly veered left in order to avoid causing a rear-end collision. In doing so, Mr. Hendrix drove over the center line of Thompson Road, into the eastbound lane of traffic, and crashed head-on into another vehicle, driven by John R. Breaux.[5]

Plaintiffs further allege that Hendrix admitted to the police officer who attended to the accident scene that "he had made a bad decision and caused the collision."[6] As a result, the officer found Hendrix to be at fault for the accident and issued him a citation for careless operation of a vehicle.[7]

Plaintiffs allege that Avila was so severely injured in the accident that he was transported from the scene by helicopter to University Medical Center.[8] Avila sustained injuries to his head, neck, shoulders, back, hip, leg, and knee, including fractures of his leg and hip that required surgery.[9]

On September 18, 2017, Plaintiffs filed this action against Hendrix and his two companies alleging that Hendrix's negligence caused the accident, and that the companies are liable under theories of *respondeat superior* and negligent supervision.[10] Plaintiffs seek damages for Avila's pain and suffering, medical expenses, mental anguish, and lost wages, and Espinoza's loss of consortium.[11]

---

[4] *Id.*
[5] *Id.*
[6] *Id.* at 3-4.
[7] *Id.* at 4.
[8] *Id.* at 5.
[9] *Id.*
[10] *Id.* at 4-7.
[11] *Id.* at 5.

Plaintiffs served Hendrix on October 3, 2017, and served Hendrix's two companies on October 4, 2017.[12] Thus, their answers were due on October 24, 2017, and October 25, 2017, respectively.[13] By January 2018, no Defendant had filed responsive pleadings, and Plaintiffs had not moved for entry of default. Therefore, on January 10, 2018, the Court issued an order to show cause why the case should not be dismissed for failure to prosecute.[14] The next day, Plaintiffs filed a motion for entry of default.[15] The Clerk of Court entered default as to Hendrix, ACH Law, and ACH Concrete on January 12, 2018.[16]

On February 5, 2018, Hendrix filed his answer.[17] Neither of Hendrix's companies has appeared in this action. On February 15, 2018, the Clerk of Court noticed a scheduling conference for March 8, 2018.[18]

On February 23, 2018, Plaintiffs filed a motion to strike Hendrix's answer as untimely filed.[19] Hendrix's opposition to the motion was due on March 6, 2019, but he did not file one. The March 8, 2018 scheduling conference went forward with the participation of counsel for Plaintiffs and Hendrix.[20] On March 26, 2018, the Court denied Plaintiffs' motion to strike Hendrix's answer without prejudice because the motion was not accompanied by a motion for entry of default judgment.[21]

On November 11, 2018, Hendrix counsel, Ernest J. Bauer, Jr. ("Bauer"), filed a motion to withdraw stating that he had no contact with Hendrix and had enrolled only as a favor to another attorney, Brian Dragon ("Dragon"), who was supposed to be lead counsel, but for various

---

[12] R. Docs. 8-10.
[13] *Id.*
[14] R. Doc. 12.
[15] R. Doc. 13.
[16] R. Doc. 14.
[17] R. Doc. 15.
[18] R. Doc. 17.
[19] R. Doc. 19.
[20] R. Doc. 20.
[21] R. Doc. 21 at 3-4.

3

reasons never enrolled in the case.[22] The Court set a hearing for December 20, 2018, to determine counsel as to all Defendants, and ordered that Bauer and Hendrix both appear.[23] Bauer attended the hearing, but Hendrix did not.[24] Bauer recounted his many futile attempts to contact Hendrix, and Hendrix's failure to respond to any of his telephone calls, text messages, or letters. The Court granted the motion to withdraw on the condition that Bauer attempt to communicate with Hendrix one last time to inform him of the status of the case, the pending motions, and Bauer's withdrawal as counsel of record.[25]

On December 21, 2018, Bauer sent the Court a letter informing it of his compliance.[26] Bauer stated that he was able to speak with Hendrix and advised him of the status of the case, the pending motions, and Bauer's withdrawal.[27] Hendrix indicated that he understood.[28] Hendrix has not taken any action in this case since Bauer filed the letter.

## II. LAW & ANALYSIS

### A. Plaintiffs' Motion to Strike Hendrix's Answer (R. Doc. 30)

Plaintiffs seek to strike Hendrix's answer arguing that was untimely filed.[29] Pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, a defendant's answer is due within 21 days after he is served with the summons and complaint, unless another time is specified by Rule 12 or a federal statute. A court may strike an answer as untimely under Rule 12. *Direct TV v. Young*, 195 F. App'x 212, 215 (5th Cir. 2006).

In *Direct TV*, the defendant filed his answer after the Clerk of Court had entered a default against him. *Id.* at 213. The plaintiff moved to strike the answer and for entry of a default judgment. *Id.* at 214. The district court granted both motions and awarded the plaintiff $350,000

---

[22] R. Doc. 26 at 1-2.
[23] R. Doc. 27.
[24] R. Doc. 34.
[25] *Id.*
[26] R. Doc. 34-1 at 2.
[27] *Id.*
[28] *Id.*
[29] R. Doc. 30.

4

in statutory damages plus reasonable attorney's fees. *Id.* The district court denied the defendant's motion for relief from judgment made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *Id.* The Fifth Circuit affirmed the district court's denial of the defendant's Rule 60(b) motion noting that the defendant's default could not be cured by simply filing an untimely answer, and that the defendant failed to respond to the plaintiff's motion to strike and motion for entry of default judgment. *Id.* at 215. Therefore, the Fifth Circuit held that the district court did not abuse its discretion in striking the answer and entering a default judgment. *Id.*

The case at bar presents the same scenario as *Direct TV*. Hendrix filed his answer months after it was due and only after the Clerk of Court entered default against him. Hendrix has not opposed Plaintiffs' latest motion to strike his answer, just as he failed to oppose the first such motion. Plaintiffs have accompanied their latest motion to strike the answer with a motion for entry of a default judgment. Therefore, Plaintiffs' motion to strike Hendrix's answer is GRANTED.

**B.   Plaintiffs' Motion for Entry of Default Judgment (R. Doc. 31)**

Under Rule 55(b) of the Federal Rules of Civil Procedure, when a plaintiff's claim is not for a sum certain or a sum that can be made certain by computation, the plaintiff must apply to the district court for a default judgment. A default judgment is not a matter or right, and granting one is within the sound discretion of the district court. *Flaska v. Little River Marine Constr. Co.*, 389 F.2d 885, 887 (5th Cir. 1968). "If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to damages, will be taken as true." 10A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2688.1 (4th ed.). A court may conduct hearings or make referrals when, in order to enter or effectuate the judgment, it needs to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2). In determining whether to enter a default judgment the court considers:

whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

In the case at bar, Plaintiffs have clearly established the grounds for default, and it was not caused by a good faith mistake or excusable neglect. Defendants have refused to participate in this litigation. Hendrix ignored multiple communications from his attorney, and his two companies have not even attempted to enter appearances in this matter. Considering that the procedural history of this case is nearly identical to that of *Direct TV*, in which the Fifth Circuit affirmed the district court's decision to strike the defendant's answer and enter a default judgment, this Court does not think it would be obligated to set aside a default judgment in this case. Therefore, Plaintiffs' motion for entry of default judgment is GRANTED.

In their motion for entry of a default judgment, Plaintiffs seek $625,216.64 in total damages. This amount represents $158,032.97 in Avila's past medical expenses, $406,246.67 in general damages for Avila, and $60,937.00 for Espinoza's loss of consortium claim.[30] Plaintiffs argue that these amounts are reasonable because they represent Avila's actual past medical expenses, and the general damages requested are comparable (when adjusted for inflation) to those awarded in personal injury cases that involved injuries similar to those suffered by Avila as a result of the accident.[31] *See Thibodeaux v. Stonebridge, L.L.C.*, 873 So. 2d 755 (La. App. 2004) (finding that the plaintiff should have been awarded $400,000 in general damages for a broken hip); *Fromenthal v. Delta Wells Surveyors, Inc.*, 776 So. 2d 1 (La. App. 2000) (awarding $250,000 in general damages for a broken hip); *Pate v. Skate Country*, 682 So. 2d 288 (La. App. 1996) (awarding $200,000 for a broken hip). Considering the extent of Avila's injuries, which

---

[30] R. Doc. 31-1 at 5-11.
[31] *Id.*

6

include a broken hip that resulted in severe pain and suffering, the evidence of Avila's past medical expenses, the general-damage and loss-of-consortium awards in the cases cited by Plaintiffs (including the effects of inflation), and the fact that Plaintiffs do not seek anything for Avila's future medical expenses, the Court finds that the amount requested by Plaintiffs is reasonable and awards them $625,216.64 in damages, plus interest from the date of judicial demand.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiffs' motion to strike Hendrix's answer (R. Doc. 30) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' motion for entry of default judgment (R. Doc. 31) is GRANTED, and Plaintiffs are awarded $625,216.64 in damages, plus interest from the date of judicial demand.

New Orleans, Louisiana, this 7th day of January, 2019.

                                                BARRY W. ASHE
                                                UNITED STATES DISTRICT JUDGE